UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBBIE FAIL,

   Plaintiff,

CASE NO.:

-VS-

DIVERSIFIED CONSULTANTS, INC.,

**JURY TRIAL DEMANDED**

   Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

4. The alleged violations described in the Complaint occurred in Sarasota County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff, DEBBIE FAIL is a natural person, and citizen of the State of Florida, residing in Sarasota County.

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

7. Defendant, DIVERSIFIED CONSULTANTS, INC., (hereinafter DIVERSIFIED) is a corporation and citizen of the State of Florida with its principal place of business located at 10550 Deerwood Park Blvd, Suite 309, Jacksonville, Florida.

8. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

9. Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

10. Each call Defendant made to Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

11. Beginning or about February, 2013, Plaintiff starting receiving calls from Diversified looking for "Gabriella Guillas," a person Plaintiff does not know.

12. Plaintiff informed the agent of Defendant that she is not "Gabriella Guillas" nor does she know of her.

13. In February, 2013, Defendant would call Plaintiff upwards of three (3) times a day looking for the woman whom Plaintiff was not aware of.

14. Shortly after said conversation, Plaintiff began receiving an increased bombardment of calls from Defendant to her cell phone attempting to collect a debt for Gabriella Guillas.

15. Due to such a high volume of calls from Defendant to her cell phone, Plaintiff was not able to write down each call, however the following is a sample of the calls received from Defendant to her cell phone:

    i. July 11, 2013 at 5:14 pm

    ii.    July 12, 2013 at 3:32 pm

    iii.    July 17, 2013 at 5:13 pm

    iv.    July 18, 2013 at 8:19 am

    v.    July 18, 2013 at 6:38 pm

    vi.    July 18, 2013 at 6:41 pm

    vii.    July 18, 2013 at 6:48 am

    viii.    July 19, 2013 at 3:07 pm

    ix.    July 20, 2013 at 2:19 pm

    x.    July 22, 2013 at 8:10 am

    xi.    July 24, 2013 at 5:43 pm

    xii.    July 25, 2013 at 5:28 pm

16. Plaintiff received approximately four hundred and ninety-five (495) calls from Defendant to her cellular phone looking for an unknown woman.

17. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse.

18. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer or Defendant to remove the incorrect number.

19. Defendant's corporate policy is structured as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

20. Defendant's corporate policy provided no means for Plaintiff to have his number removed from the call list.

3

21. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

24. Plaintiff incorporates Paragraphs one (1) through twenty-three (23).

25. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against the Defendants for statutory damages of $500 for the violation of the act and $1500 for each willful violation of the act, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Ave., 4th Floor
Orlando, FL 32801
Tampa, FL 33602
P: 407-418-2038
F: 407-245-3484
FL Bar#: 0052284
Attorney for the Plaintiff
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com